IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DIGIMEDIA TECH, LLC,

          Plaintiff,

   v.

LENOVO (UNITED STATES) INC., and
MOTOROLA MOBILITY LLC,

          Defendants.

CIVIL ACTION

NO. _____

**Jury Trial Demanded**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DigiMedia Tech, LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 44 Milton Ave., Suite 254, Alpharetta, GA 30009.

2. Defendant LENOVO (UNITED STATES), INC. ("Lenovo") is a corporation organized under the laws of the State of Delaware. Lenovo may be served with process through its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Upon information and belief, Lenovo sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

3. Defendant MOTOROLA MOBILITY LLC ("Motorola") is a limited liability company organized under the laws of the State of Delaware. Motorola may be served with

process through its registered agent, Corporation Trust Company, Corporation Trust Center,

1209 Orange St., Wilmington, DE  19801.  Upon information and belief, Motorola sells, offers to

sell, and/or uses products and services throughout the United States, including in this judicial

district, and introduces infringing products and services into the stream of commerce knowing

that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28

U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the

United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284,

and 285.

5.      This Court has general and specific personal jurisdiction over Defendants,

consistent with due process, because Defendants are entities formed and existing under the laws

of the State of Delaware.  Further, Defendants have minimum contacts with the State of

Delaware, and Defendants have purposefully availed themselves of the privileges of conducting

business in the State of Delaware, including through the sale and offer for sale of the Accused

Products throughout the State of Delaware and this judicial district.

6.      Venue is proper in this Court as to Defendants pursuant to 28 U.S.C. § 1400(b) on

the grounds that Defendants reside in this judicial district.

## FACTUAL BACKGROUND

### The '532 Patent

7.      Plaintiff is the owner by assignment of all right, title, and interest in and to United

States Patent No. 6,473,532, entitled "Method and Apparatus for Visual Lossless Image

Syntactic Encoding" ("the '532 patent"), including the right to sue for all past, present, and

future infringement, which assignment was duly recorded in the USPTO.

2

8.      A true and correct copy of the '532 patent is attached hereto as Exhibit A.  The '532 patent is incorporated herein by reference.

9.      The application that became the '532 patent was filed on March 14, 2000.

10.     The '532 patent issued on October 29, 2002, after a full and fair examination by the USPTO.

11.     The '532 patent is valid and enforceable and directed to eligible subject matter.

12.     The elements recited in the asserted claims of the '532 patent were not well-understood, routine, or conventional when the application that became the '532 patent was filed.

13.     The claims of the '532 patent are directed to technical solutions to the technical problem of providing a visually lossless video compression method and apparatus.  One of the reasons this is important is for storing video in a compressed format, where the compression does not reduce the quality of the video in a visually detectable manner.  Since camera users prefer the competing features of both high quality video and small or practical video file sizes, the problem calls for technical solutions.  The '532 patent discloses and claims such technical solutions.  For example, the '532 patent recognized that video encoding can compress the source video input in a manner that is visually lossless.  The '532 patent discloses a number of techniques which include defining visual perception thresholds and classifying picture elements into subclasses using the visual perception thresholds.  The picture elements can be transformed according to the subclass.  Consequently, the technology in the '532 patent enables both visually lossless encoding and efficient compression of recorded video.

***The '250 Patent***

14.     Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,741,250 entitled "Method and System for Generation of Multiple Viewpoints

into a Scene Viewed by Motionless Cameras and for Presentation of a View Path" ("the '250 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

15.     A true and correct copy of the ' 250 patent is attached hereto as Exhibit B.  The '250 patent is incorporated herein by reference.

16.     The application that became the ' 250 patent was filed on October 17, 2001.

17.     The '250 patent issued on May 25, 2004, after a full and fair examination by the USPTO.

18.     The '250 patent is valid and enforceable and directed to eligible subject matter.

19.     The elements recited in the asserted claims of the '250 patent were not well-understood, routine, or conventional when the application that became the '250 patent was filed.

20.     The claims of the '250 patent are directed to technical solutions to the technical problem of using a single camera to provide a view path through one or more video segments to determine which video frames in the video segments are used to generate a view.  One of the reasons this is important is that users of a camera with a wide field of view may prefer to select and view only portions of the supported wide field of view.  The camera's field of view may be sufficiently wide to create distorted images on a rectangular screen.  Users may prefer portions with reduced distortion, which calls for technical solutions.   The '250 patent discloses and claims such technical solutions.   The camera can record a video stream over the wide field of view.  The user can designate a portion of the video stream to be a video segment and subsequently designate a view path through the video segment.  Consequently, the technology in the '250 patent enables the view of portions of the camera's wide field of view with reduced distortion.

***The '818 Patent***

21.     Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,744,818 entitled "Method and Apparatus for Visual Perception Encoding" ("the '818 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

22.     A true and correct copy of the '818 patent is attached hereto as Exhibit C.  The '818 patent is incorporated herein by reference.

23.     The application that became the '818 patent was filed on December 27, 2000.

24.     The '818 patent issued on June 1, 2004, after a full and fair examination by the USPTO.

25.     The '818 patent is valid and enforceable and directed to eligible subject matter.

26.     The elements recited in the asserted claims of the '818 patent were not well-understood, routine, or conventional when the application that became the '818 patent was filed.

27.     The claims of the '818 patent are directed to technical solutions to the technical problem of reducing perceptual redundancy independent of other video compression techniques. One of the reasons this is important is for storing video in a compressed format, where the compression should also support subsequent viewing of the video at high quality.  Since camera users prefer the competing features of both high quality video and small or practical video file sizes, the problem calls for technical solutions.  The '818 patent discloses and claims such technical solutions.  For example, the '818 patent recognized that video encoding can compress the source video input with a visual perception estimator and a perception threshold.  The '818 patent discloses a number of techniques which include (i) a compression dependent threshold estimator using the perception threshold and (ii) a filter for pixels using the compression

5

dependent threshold.  Consequently, the technology in the '818 patent enables smaller video file sizes for a specified level of video quality.

**The '220 Patent**

28.     Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,684,220 entitled "Method and System for Automatic Information Exchange" ("the '220 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

29.     A true and correct copy of the '220 patent is attached hereto as Exhibit D.  The '220 patent is incorporated herein by reference.

30.     The application that became the '220 patent was filed on September 20, 2000.

31.     The '220 patent issued on January 27, 2004, after a full and fair examination by the USPTO.

32.     The '220 patent is valid and enforceable and directed to eligible subject matter.

33.     The elements recited in the asserted claims of the '220 patent were not well-understood, routine, or conventional when the application that became the '220 patent was filed.

34.     The claims the '220 patent are directed to technical solutions to the technical problem of a server system conducting automated information.  One of the reasons this is important is to support automated and accurate server generated responses to customer inquiries in online chat systems.  With accurate and automated information exchange, routine customer inquiries can be answered directly by a server system.  The '220 patent discloses and claims such technical solutions for automated information exchange.  For example, the '220 patent couples an information source to a processor that stores a data model.  The '220 patent discloses a loading engine for automatically creating object links between input variables and output

variables for the data objects in the data model.  Consequently, the technology in the '220 patent enables automated and accurate online responses from a server system to customer support inquiries without requiring answers from customer support representatives.

## COUNT I – INFRINGEMENT OF THE '532 PATENT

35.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

36.     Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '532 patent.

37.     For example, Defendants infringe at least claim 6 of the '532 patent, either literally or under the doctrine of equivalents, in connection with Defendants' MotoG7 Power smartphone with video recording products, as detailed in the preliminary claim charts attached hereto as Exhibit E and incorporated herein by reference.

38.     Defendants' infringing activities are and have been without authority or license under the '532 patent.

39.     Plaintiff has been damaged by Defendants' infringement of the '532  patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '250 PATENT

40.      Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

41.     Defendant Lenovo has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '250 patent.

42.     For example, Defendant Lenovo infringes at least claim 1of the '250 patent, either literally or under the doctrine of equivalents, in connection with Lenovo's VOIP 360 Camera Speaker products, as detailed in the preliminary claim charts attached hereto as Exhibit F and incorporated herein by reference.

43.     Defendant Lenovo's infringing activities are and have been without authority or license under the '250 patent.

44.     Plaintiff has been, and continues to be, damaged by Lenovo's infringement of the '250 patent, and Plaintiff is entitled to recover damages for Lenovo's infringement, which damages cannot be less than a reasonable royalty.

<u>**COUNT III – INFRINGEMENT OF THE '818 PATENT**</u>

45.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

46.     Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '818 patent.

47.     For example, Defendants infringe at least claim 1 of the '818 patent, either literally or under the doctrine of equivalents, in connection with Defendants' Moto G7 Smartphones with H.264/AVC products, as detailed in the preliminary claim charts attached hereto as Exhibit G and incorporated herein by reference.

48.     Defendants' infringing activities are and have been without authority or license under the '818 patent.

49.     Plaintiff has been, and continues to be, damaged by Defendants' infringement of the '818 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF THE '220 PATENT

50.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

51.     Defendant Lenovo has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '220 patent.

52.     For example, Defendant Lenovo infringes at least claim 1 of the '220 patent, either literally or under the doctrine of equivalents, in connection with Lenovo's Customer Relationship Management (CRM) platform, as detailed in the preliminary claim charts attached hereto as Exhibit H and incorporated herein by reference.

53.     Defendant Lenovo's infringing activities are and have been without authority or license under the '220 patent.

54.     Plaintiff has been, and continues to be, damaged by Defendant Lenovo's infringement of the '220 patent, and Plaintiff is entitled to recover damages for Defendant Lenovo's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.      Entry of judgment that Defendant has infringed one or more claims of the '532 patent,

B.      Entry of judgment that Defendant has infringed one or more claims of the '250 patent,

C.      Entry of judgment that Defendant has infringed one or more claims of the '818 patent,

D.      Entry of judgment that Defendant has infringed one or more claims of the '220 patent,

E.      Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

F.      Pre-judgment and post-judgment interest on the damages assessed, and

G.      Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 18th day of February, 2020.

                        STAMOULIS & WEINBLATT LLC

                        _____
                        Stamatios Stamoulis (#4606)
                        Richard C. Weinblatt (#5080)
                        800 N West Street, Third Floor
                        Wilmington, DE 19801
                        Telephone: (302) 999-1540
                        Facsimile: (302) 762-1688
                        weinblatt@swdelaw.com

                        *Of Counsel:*

                        Daniel A. Kent
                           dankent@kentrisley.com
                           Tel: (404) 585-4214
                           Fax: (404) 829-2412

Stephen R. Risley
   steverisley@kentrisley.com
   Tel: (404) 585-2101
   Fax: (404) 389-9402
Cortney S. Alexander
   cortneyalexander@kentrisley.com
   Tel: (404) 855-3867
   Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff
DigiMedia Tech, LLC